Mr. Chief Justice Johnson delivered the opinion of the Court. The first question, which we propose to investigate in this case, is as to the correctness of the decision of the court below in sustaining the demurrers of the plaintiff below to the fourth, fifth and sixth pleas of the defendant Fowler, and also the first and second pleas of the defendant Pike. The substance of the fourth plea is that after the dissolution of the injunction and the rendition of the decree against Ebenezer Cummins, the administrator of William Cummins, deceased, the said Ebenezer as such administrator, during the same term of the court at which the said decree was rendered, prayed and obtained an appeal from said decree to the supreme court of this State, and also that the circuit court sitting in chancery then and there ordered, adjudged and decreed that all further proceedings therein be stayed and that the same were stayed until otherwise ordered or decreed by the said supreme court, and further that the said order and decree of the said circuit court, so granting such appeal and so staying the proceedings therein, still remained in full force and effect, and no wise reversed, annulled or set aside or otherwise vacated at the time of the commencement of this suit, &c. The causes of demurrer assigned to this plea, are, first, that it discloses matter in abatement and not in bar; secondly, that the cause, of action accrued when the decree was rendered and that the appeal at most only suspended the execution of the decree ; and thirdly, that it is not alleged that the appeal was prosecuted or that it was still pending. The first cause assigned necessarily raises the question of the legal effect of the appeal, and the order of the inferior court requiring a stay of proceedings upon the judgment and decree of that court. It is contended by the plaintiffs in error that the-effect of those proceedings was to nullify and absolutely destroy the very ex- • istence of the decree and that therefore no cause of action existed against them at the commencement of this suit. The defendant on the other hand insists that the effect of the appeal and order of stay of proceedings, &c., was not to annihilate but merely to suspend the force of the decree until the obstacle should be removed by the decision of the supreme court. The plaintiffs have referred us to numerous authorities to support their construction of the statute in respect to the legal effect of the appeal and the order made in pursuance of it. We deem it unnecessary to examine and comment upon each of those authorities separately, as their substance has already been extracted and fully and elaborately discussed by this court in the case of Dixon vs. Watkins et al. (4 Eng. R. 149.) We. feel fully satisfied with the conclusions which were arrived at in that ease, and as such shall content ourselves by a mere re-assertion of it here. In that case this court said, “ After looking at the case before us in the light of the authorities examined and applying the principles we have recognized, derived from the authorities cited on both sides and others not cited, including the case of Ex parte Caldwell, reported in 5 Ark. 390, we hold that the legal effect of the appeal and of the execution of the recognizance, provided in such case by the statute, is, in the language of the statute, “to stay the execution,’’ that upon the circuit court and its judgment it is identically the same, in effect, as would be the suing out of a writ of error accompanied by the recognizance provided in such case; that in neither ¡case is the judgment affected by the stay of its execution, but in both cases a legal prohibition rests upon the circuit court from executing the judgment appealed from until such time as that prohibition may be removed either by operation of law or by the judgment of the supreme court.” It will be remarked that there is a slight difference in the phraseology of the two statutes in respect to the effect of the appeal; the one providing that it shall operate as a stay of execution, and the other, as á stay of proceedings. It is perfectly obvious, that this apparent difference is merely verbal, and that the object in both cases is identically the same, which is to suspend the enforcement of the judgment or decree of the circuit court, until the obstacle thus imposed shall have been removed by the appellate tribunal. If this be the true construction it is clear that though the cause of action still existed in fact and in law, yet the plaintiff below labored under a temporary disability and was consequently disabled from asserting his right of action until such disability should be removed by the action of the supreme court. Where a cause of action is admitted to exist in point of fact and yet not capable of being enforced on account of some temporary disability resting upon the plaintiff, it is said that such disability may be set up either by way of a bar or merely as matter in abatement. (See 10 John. Rep. 192, Bell vs. Chapman.) The reason, assigned by the supreme court of New York in that case, is as follows, to-wit: “ As the disability of the plaintiff is but temporary in its nature (for a state of perpetual war is not to be presumed) the good sense and logic of pleading would seem to be in favor of the plea concluding in abatement, when the cause of action is not void or extinguished. But whether the plea be in the one form or the other is, perhaps, not material, for the judgment thereon would not be a bar to a new action on the return of peace. A judgment is not a bar to a new suit unless it involves the merits of the controversy, or be founded on matter which affords a permanent avoidance or discharge. But the present plea only bars the plaintiff in his character of alien enemy commorant abroad from prosecuting his suit. It does not so much as touch the merits of the action.” The plea in that case was puis darrien continuance, in which it was averred that the plaintiff was; at the commencement of the suit and still was commorant in Ireland, and that since the last adjournment he had become an alien enemy, being an alien born within the allegiance of the King of Great Britain, with whom we were at war, and the plea then concludes in bar of the action. The court said, “ There is no doubt that the plea is a valid one in the case of the alien’s residence in the enemy’s country, and the plea may be pleaded either in abatement or in bar, for the precedents are both ways. (Rast. Ent., title Ejectment 7; tit. Trespass per alien. 1 Cornw. Tch. tit. Abatement 7 ; tit. Bar in Divers Actions 87. Wells vs. Williams, 1 Lutw. 34, 35. West vs. Sutton, 1 Sulk. 2.)” It was not denied in that case that the cause of action ever existed, or that it did exist at the time of interposing the plea, but, on the contrary, both facts were virtually admitted and all that was attempted, was to show that, by the existence of.a state of war between .the two nations, a temporary discharge had arisen to the further prosecution of the right of action. The two cases are believed to be parallel. A temporary obstacle or disability was cast upon the one by the law of nations, in consequence of a state of war between the two countries and upon the other by the operation of the State law, upon the granting of the appeal. The disabilities in both cases, though produced by different causes, are precisely the same in all their legal consequences. The right to prosecute the action to final judgment in both cases depending upon a contingency, the one upon a cessation of hostilities, and the other upon the action of the supreme court of this State. From this view of the law as applicable to the fourth plea, we are of opinion that, though it might have been more appropriate to have pleaded the matter set up, in abatement, yet the party had his election and having tendered it in bar, it is good in law and as such the demurrer to it was improperly sustained. It is objected to this ple.a, that it does not aver that the appeal had been duly prosecuted and that it was still pending. The plea, it is true, does not, in so many words, allege the due prosecution and then pendency of the appeal, but the matter set up in it is virtually the same thing, for it is expressly declared that it (the appeal) still remained in full force and effect and no wise-reversed, annulled or set aside or otherwise vacated. If the appeal had been dismissed or the decree of the inferior court re-. versed it is manifest tbat the appeal could not have remained in full force and effect at the institution of this suit. The fifth plea sets up that, after the execution of the writing obligatory described in the declaration and before any breach of the condition thereof, and before the commencement of this suit, the. said William Cummins departed this life and that by reason thereof no decision in said bill for an injunction was e\er made against him, the said William Cummins, nor were any sums of money and costs whatever adjudged against him therein, upon the dissolution of said injunction .either in whole or in part, whereof the said writing obligatory and the condition thereof became and were discharged in law and the said defendants Fowler and Pike, released and discharged from all liability. The gist of the defence set up by thik'plea is that inasmuch as the terms of the condition of the bond were that William Cummins, the complainant, should abide such decision as might be made in the suit and that he would pay all sums of money and costs that might be adjudged against him if the injunction should be dissolved either in whole or in part; therefore his sureties in the injunction bond cannot be held liable for the amount of a decree rendered against his administrator. The argument in support of this defence is that the condition of their bond, which was possible at the time it was entered into, afterwards and before its breach became impossible by the act of God. In other words, that at the time of the dissolution of the injunction the court did not and could not render a decree against William Cummins, according to the condition of the bond, and that consequently they are discharged from all liability. We are free to say that we cannot perceive the force of this reasoning. The first branch of the condition manifestly looks to the final disposition of the cause, whether during the lifetime of William Cummins or subsequent to his death. It is that the complainant will abide the decision which maybe made therein and evidently referring to the suit itself. And the latter, though in terms confined to the person of the complainant, could not if it even stood alone, be construed not to extend beyond his life, since it is such a cause of action as of necessity survives to and may be prosecuted by his personal representatives. But it is insisted that the death of William Cummins, the complainant, was a virtual dissolution of the injunction and that the defendant in error, should then have claimed an actual dissolution, and that by that course alone could he have held the securities liable. We do not so understand the law. The death of the complainant could not by possibility work a dissolution of the injunction, as that could only occur upon a full and final investigation of the merits of the cause. It is conceded, as a genaral principle that, wherever a condition is possible at the time it is entered into and afterwards becomes impossible, either by the act of God, the law or of the opposite party, the obligation is discharged. But we cannot comprehend how such a principle can be made to apply to the case before us. The undertaking in this case was not grounded upon any peculiar tact or skill of William Cummins to prosecute his suit in chancery, but resulted rather from a confidence in the merits of his cause. There can be no doubt, therefore, that, whether a decree was actually rendered against him in his lifetime or his legal representative since his death, the legal effect is identically the same as touching the liability of his securities. The demurrer to this plea was therefore properly sustained. The sixth plea of the defendant, Fowler, is that “ No such injunction was ever granted and ordered as is .in the said plaintiff’s said amended declaration,” &c. This plea was most clearly demurrable. It is the denial of a fact which is recited in the bond, and as such they are now estopped from denying it by plea. See 8 Eng. 351, Outlaw et al. vs. Yell, Governor, &c., use of Conant & Co., and 5 Eng. 503, Sullivan vs. Pierce. The matter of defence set up in the first plea of the defendant, Pike, is that after the rendition of the original judgment, to-wit: on the 9th January, 1839, the plaintiff, Scott, sued out an execution upon it, which was levied upon certain negroes of William Cummins, the judgment debtor and the complainant in the injunction suit; that said Cummins with Absalom Fowler as his security entered into a bond for the delivery of said negroes at a certain time and place therein mentioned; that they failed to do so and that the bond was forfeited, and then concluded by averring that the said judgment was thereby satisfied in law and in fact before the making of the writing obligatory mentioned in the declaration in this casé. We conceive it unnecessary on this occasion to enter into the somewhat vexed question of the legal operation of a levy upon personal property where the possession is retained by the judgment debtor. It is wholly immaterial in the present attitude of the plaintiffs in error, whether the levy relied upon -operated as a satisfaction of the original judgment or not. It is an enquiry that cannot by possibility be brought within the range of the case now before the court. It cannot now be made a question whether the injunction ought to have been dissolved, or whether the sums of money which have been decreed against the complainant ought to have been decreed. The matter set up as a defence against the enforcement of their obligation would doubtless have been legitimate matter to have been shown by the complainant in order to have perpetuated his injunction, but how it could be reached so as to avail the present plaintiffs is beyond our power to conceive. It was no part of their undertaking, it is true, that they themselves would make such a showing in chancery as to prevent a dissolution of the injunction; but, on the contrary, they engaged that he would do so or that, in case he should not, that then they would abide the decision which might be made therein and pay all such sums of money and costs as should be adjudged against him or his legal representatives in case of a dissolution of the injunction. If this be the true and sound interpretation of the undertaking of the plaintiffs, it is evident that, admitting all the facts set up in the plea to be strictly true, yet they are beyond the reach of'the plaintiffs, and as such cannot constitute a defence to this action. Let it be supposed for the sake’ of the argument that the complainant himself were now in full life, and to a suit upon this bond, should urge the same matter relied upon in this plea, would not the court answer him. by saying that it did not now lie in his mouth to deny the validity of the original judgment after having- gone into chancery for the express purpose of impeaching it and that after a full and fair trial having been defeated. If the complainant himself could not interpose this defence in an action on the bond, neither could his securities, for their responsibility is in every respect similar and co-extensive with his. The second plea of the defendant, Pike, is exactly similar to the first in every essential particular with the single exception of the date of the issuance of the execution and levy under it. The demurrer to it was therefore properly sustained for the reasons assigned against the first. The plaintiff, Fowler, insists that though his plea should be adjudged bad, yet they are sufficient for the declaration. He contends that the breach is too wide for the covenant since it avers their liability for all the costs incurred in the chancery cause. This objection to the declaration is clearly unsustained by the statute. The condition is expressly “ that the complainant will abide the decision which may be made therein and that be will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved either in whole or in part.” Under the construction which we have given to the condition there can be no doubt of its capacity to cover all the costs of the chancery cause, and if so, the breach is not defective in that respect. The next and only remaining question relates to the sufficiency of the proof to sustain the issues on the part of the defendant in error. The three first pleas of the plaintiff, Fowler, and upon each of which issue was taken, denying the existence of the recovery, that any such writ of injunction ever issued and that said injunction never was disolved. The testimony offered by the defendant to sustain each of these issues on his part, was full and complete for that purpose and consequently the court below decided correctly in finding for him. Upon a full and careful examination of the whole record we have discovered but one error, which intervened in sustaining the plaintiff’s demurrer to the fourth plea of the defendant, Fowler, and for this the cause must be reversed and remanded. It is therefore ordered and adjudged that the judgment of the circuit court of Pulaski county herein rendered be and the same is hereby reversed, annulled and set aside and that this cause be remanded to said circuit court to be proceeded in according to law and not inconsistent with this opinion. The plaintiffs filed a petition for' reconsideration which was overruled.